J-S31022-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GILBERTO L. QUINONES, | |
| Appellant | No. 988 MDA 2014 |

Appeal from the PCRA Order entered May 13, 2014,
in the Court of Common Pleas of Northumberland County,
Criminal Division, at No(s): CP-49-CR-0000164-2008

BEFORE:  BENDER, P.J.E., ALLEN, and WECHT, JJ.

MEMORANDUM BY ALLEN, J.:                       **FILED JUNE 05, 2015**

Gilberto L. Quinones ("Appellant") appeals *pro se* from the order denying his petition for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. sections 9541-46.  We affirm.

The pertinent facts and procedural history are as follows.  In March 2008, the Commonwealth charged Appellant with committing multiple sexual offenses against three girls, then ages six or seven:  F.B., N.L., and Z.L. Following the denial of Appellant's pre-trial motion, which sought, among other things, the suppression of his statements to police, Appellant's jury trial began on January 14, 2010.  At the close of the Commonwealth's case, the trial court granted the defense's demur to all charges relating to Z.L. **See** N.T., 1/14/10, at 126.  Appellant then testified on his own behalf. Ultimately, the jury convicted Appellant of all the remaining charges.  On

April 5, 2010, the trial court imposed an aggregate sentence of nine to twenty-two years of imprisonment.

Following the denial of his post-sentence motion, Appellant filed a timely appeal to this Court. Appellate counsel filed an **Anders**[1] brief and a petition to withdraw. In his appeal, Appellant claimed: 1) the Commonwealth erred in not allowing Appellant access to evidence "that would play a significant [sic] role in [Appellant's] defense"; 2) the trial court erred in failing to strike improper remarks by the prosecutor during her closing argument; 3) ineffective assistance of counsel; 4) "[p]erjury by the Commonwealth"; 5) the trial court lacked jurisdiction regarding N.L.'s testimony; and 6) the trial court erred in "allowing the prosecution to redirect witness F.B." **See Commonwealth v. Quinones**, 43 A.3d 525 (Pa. Super. 2012), unpublished memorandum at 3.

On January 23, 2012, this Court concluded that Appellant's ineffective assistance of counsel claim must await collateral review, and agreed with the trial court that Appellant's remaining claims did not entitle him to relief. Thus, we adopted the opinion of the trial court, the Honorable Charles H. Saylor, in affirming Appellant's judgment of sentence. **Quinones**, unpublished memorandum at 4.

---

[1] **Anders v. California**, 386 U.S. 738 (1967).

On December 20, 2012, Appellant filed a timely PCRA petition and the PCRA court appointed counsel. On January 28, 2014, PCRA counsel filed a motion to withdraw and a "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).[2] On March 24, 2014, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's PCRA petition without a hearing. Appellant filed a *pro se* response on April 11, 2014. By amended order filed on May 13, 2014, the PCRA court dismissed Appellant's PCRA petition.[3] This timely *pro se* appeal followed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Within his *pro se* brief, Appellant phrases his issues as follows:

> I. Was [trial] counsel ineffective for allowing false testimony_____ Dismissed charges of (Z.L.), along with [that of Corporal Blase] during trial, as well as at closing argument to be used to capitalize on.
>
> II. Was [trial] counsel ineffective for not objecting to the destruction of notes and suppression of evidence by the Commonwealth.
>
> III. Was [trial] counsel ineffective for not objecting the [the prosecution's] last minute disclosure.
>
> IV. Was [trial] counsel ineffective for allowing _____ this expert to bolster testimony.

---

[2] PCRA counsel characterized his filing as an "**Anders** Brief."

[3] There is no indication in the record that the PCRA court acted on PCRA counsel's motion to withdraw.

V. Did [the trial court's] abuse of discretion contribute to [Appellant] receiving an unfair trial.

VI. Was [trial] counsel ineffective for not requesting a taint hearing.

Appellant's Brief at 7.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Halley*, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. *Commonwealth v. Jordan*, 772 A.2d 1011, 1104 (Pa. Super. 2001).

To be eligible for post-conviction relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated errors or defects in 42 Pa.C.S.A. section 9543(a)(2), and that the issues he raises have not been previously litigated. *Commonwealth v. Koehler*, 36 A.3d 121, 131 (Pa. 2012). An issue has been "previously litigated" if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue, or if the issue has been raised and decided

in a proceeding collaterally attacking the conviction or sentence." ***Koehler***, 36 A.3d at 131-132; 42 Pa.C.S.A. § 9544(a)(2). If a claim has not been previously litigated, the petitioner must prove that the issue was not waived. An issue will be deemed waived under the PCRA "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal, or in a prior state post[-]conviction proceeding." ***Id.*** at 132; 42 Pa.C.S.A. § 9544(b).

Moreover, to the extent Appellant challenges the effectiveness of trial counsel, we note that to obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. ***Commonwealth v. Johnson***, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." ***Id.*** This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. ***Id.*** at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Id.*** Counsel cannot be deemed

ineffective for failing to pursue a meritless claim. ***Commonwealth v. Loner***, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*), *appeal denied*, 852 A.2d 311 (Pa. 2004).

A review of Appellant's arguments in support of the issues he raises on appeal reveals a rambling discourse which, at times, is incomprehensible and refers to wholly inapposite case and statutory authority. In addition, Appellant's argument in support of each issue tends to reappear in support of a separate issue. To the extent we understand Appellant's issues, we will attempt to address them.

In his first issue, Appellant asserts that trial counsel was ineffective for allowing the "false testimony" of Z.L. and Corporal Blase to be introduced at trial, and allowing the prosecutor to "capitalize" on this false testimony by referencing it in her closing argument. As noted above, the trial court dismissed all charges filed against Appellant relative to Z.L. Appellant cannot establish he was prejudiced by trial counsel's alleged failure to cross-examine Z.L. about prior inconsistencies in her testimony.

Regarding Appellant's claim that trial counsel should have objected to the prosecutor's reference to the dismissed charges in her closing argument, the PCRA court concluded that the prosecutor's "comments to the jury regarding a child as to whom the charges against [Appellant] had been dismissed were not prejudicial and a timely objection would not have changed the outcome of the trial." PCRA Court Opinion, 10/1/14, at 2. Our

- 6 -

review of the record supports this conclusion. Additionally, we note that trial counsel specifically requested permission to reference the dismissed charges, *see* N.T., 1/14/10; thus, the prosecutor's reference to them constitutes fair response to the defense closing. ***See***, ***e.g.***, ***Commonwealth v. Koehler***, 737 A.2d 225, 240 (Pa. 1999) (explaining that "the prosecutor is permitted to respond to defense arguments and is free to present his or her case with logical force and vigor.").

In his direct appeal, Appellant asserted that "the Commonwealth did not allow him access to evidence that would play a 'significant role' in his defense." Trial Court Opinion, 9/16/10, at 3. The trial court assumed that Appellant was referring to testimony from Corporal Blase that he destroyed his notes of his interview with Appellant, once the corporal summarized them within his affidavit of probable cause. Noting that the claim was waived for lack of contemporaneous objection, the trial court nevertheless rejected Appellant's argument, because Appellant "offered no case law or statutory authority for the proposition that the officer is under any obligation to preserve his interview notes." ***Id.***

Within his brief, Appellant now argues that trial counsel was ineffective for failing to object to the "false" testimony of Corporal Blase because there is "'zero' evidence of any summary written by" him. Appellant's Brief at 16. From our review of the record, it is clear that the summary to which Corporal Blase referred during his testimony was the affidavit of probable

cause supporting the charges filed against Appellant. Thus, our review of the record refutes this ineffectiveness claim.

In his second issue, Appellant raises the related claim that trial counsel was ineffective for failing to object to the destruction of the interview notes.[4] Once again, Appellant cites no binding authority requiring the police to preserve their interview notes. Additionally, as noted by the PCRA court, "[a]t trial, counsel for the defense was able to cross-examine the police officer who destroyed his notes after preparing the affidavit of probable cause, effectively bringing the issue to the jury's attention." PCRA Court Opinion, 10/1/14, at 2. Appellant's second ineffectiveness claim also fails.

In his third issue, Appellant asserts that trial counsel was ineffective for failing to object to the prosecutor's last minute disclosure, which resulted in "trial by ambush." Appellant's Brief at 26. Appellant bases this claim on the fact that the Commonwealth called its expert witness earlier than expected, thus requiring Appellant to present his defense earlier than expected. *See* N.T., 1/14/14, at 124-26. Our review of the record reveals that the trial court directed trial counsel to discuss the matter with Appellant. Following a fifteen-minute recess, trial counsel, after demurring

---

[4] Appellant also claims a discovery violation regarding the written statement from the mother of two of the victims. Because Appellant did not adequately raise this claim in his Pa.R.A.P. 1925(b) statement, the PCRA court did not address it. Thus, the claim is waived on appeal. *See generally*, Pa.R.A.P. 1925.

to the evidence and obtaining a dismissal of charges involving Z.L., called Appellant to testify in his own defense. Within his brief, although Appellant now claims that trial counsel should have asked for a one-day delay so that his wife could appear as a witness on his behalf, he proffers no information which she would have provided to aid in his defense. Again, Appellant's ineffectiveness claim is meritless.

In his fourth issue, Appellant asserts that trial counsel was ineffective for not objecting to the testimony of the Commonwealth's expert, Patrick Bruno, M.D., which served to bolster the testimony from one of the victims. The improper testimony to which Appellant refers is the prohibition of expert testimony that would "intrude upon the jury's basic function of deciding credibility." *Commonwealth v. Spence*, 327 A.2d 1176, 1182 (Pa. 1993); *see also Commonwealth v. Robinson*, 5 A.3d 339, 342-343 (discussing cases involving sexual abuse of children and the proper limit of expert testimony). Our review of Dr. Bruno's trial testimony reveals no improper bolstering of the victim's credibility. *See* N.T., 1/14/10, at 88-103. Appellant supports his claim by referring to Dr. Bruno's comparison, upon cross-examination by trial counsel, of actions by the victim in self-manipulation vis-à-vis sexual assault by an adult, to support his conclusion that the damage to the victim's hymen was caused by the latter. *See* N.T., 1/14/10, at 99-100. This ineffectiveness claim fails.

In his fifth issue, Appellant essentially argues that the trial court's actions during trial established a bias against him. Because this claim could have been raised on direct appeal, it is waived under the PCRA. *See Koehler*, 36 A.3d at 132; 42 Pa.C.S.A. § 9544(b).

In his sixth and final claim, Appellant asserts that trial counsel was ineffective for failing to request a taint hearing with regard to the child victims. In support of this argument, Appellant cites *Commonwealth v. Delbridge*, 855 A.2d 27 (Pa. 2003). In *Delbridge*, our Supreme Court stated:

> In order to trigger an investigation of competency on the issue of taint, the moving party must show some evidence of taint. Once some evidence of taint is presented, the competency hearing must be expanded to explore this specific question. During the hearing the party alleging taint bears the burden of production of evidence of taint and the burden of persuasion to show taint by clear and convincing evidence. Pennsylvania has always maintained that since competency is the presumption, the moving party must carry the burden of overcoming that presumption. As this standard prevails in cases where the witness's memory may have been corrupted by insanity, mental retardation or hypnosis, we see no reason to alter it in cases where the memory of the witness is allegedly compromised by tainted interview techniques. Further, as the burden in all other cases involving incompetency is clear and convincing evidence, we will continue to apply that existing legal requirement for cases involving taint. The clear and convincing burden accepts that some suggestibility may occur in gathering the evidence, while recognizing that when considering the totality of the circumstances, any possible taint is sufficiently attenuated to permit a finding of competency. Finally, as with all questions of competency, the resolution of a taint challenge to the competency of a child witness is a matter addressed to the discretion of the trial court.

- 10 -

***Delbridge***, 855 A.2d at 40-41 (citations omitted).

Here, Appellant has failed to proffer evidence that would meet his burden. At trial, after relevant inquiry by the parties, each child witness was deemed competent. ***See*** N.T., 1/14/10, at 26 (F.B), 68 (N.L.), at 80 (Z.B.). In support of his claim, Appellant refers to trial counsel's inquiry upon cross-examination of one or more of the victims with regard to whether their memories were "refreshed" by the prosecutor. ***See*** Appellant's Brief at 37. When read in context, it is clear that each victim's testimony was not tainted by the prosecutor, but rather the victims testified based on their memory of the sexual abuse perpetrated by Appellant. Because the record refutes Appellant's claim that the victims' testimony was tainted, trial counsel cannot be found to be ineffective for failing to request a taint hearing.[5]

For the above reasons, we affirm the PCRA court's order denying Appellant's PCRA petition.

_____

[5] We likewise reject Appellant's claim of taint based on the mother of two of the victims testifying that she always told her daughters to disclose any instances of sexual abuse. ***See*** Appellant's Brief at 36-37.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/5/2015